# United States District Court

**EASTERN** District of **CALIFORNIA**

| FILED |
| :---: |
| Mar 26, 2025 |
| CLERK, U.S. DISTRICT COURT |
| EASTERN DISTRICT OF CALIFORNIA |

In the Matter of the Seizure of
(*Briefly describe the property to be seized*)

A fixed-indexed annuity known as Pacific Life Insurance Company Index Foundation 5 Annuity Contract, Policy Number FX22469191, connected to Merrill Account No. 28G-23921 held by AMI KHANGURA.

**APPLICATION FOR A WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE**

CASE NUMBER:

2:25-sw-0270 CKD

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the District of **NEBRASKA** is subject to forfeiture to the United States of America (*describe the property*):

A fixed-indexed annuity known as Pacific Life Insurance Company Index Foundation 5 Annuity Contract, Policy Number FX22469191, connected to Merrill Account No. 28G-23921 held by AMI KHANGURA.

The property is subject to seizure pursuant to 18 U.S.C. § 981(b), and subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), concerning violations of 18 U.S.C. §§ 1343, 1956(a), and 1957.

The application is based on these facts:

    **See attached affidavit.**

☒ Continued on the attached sheet.

/s/
*Applicant's signature*

Clint Wares, Special Agent, IRS-CI
*Printed name and title*

Sworn to before me and signed telephonically.

March 26, 2025 at 2:16 pm
*Date*

Sacramento, California
*City and State*

*Judge's signature*

Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF SEIZURE WARRANTS

I, Clint Wares, a Special Agent with the Internal Revenue Service, Criminal Investigation ("IRS-CI"), being duly sworn, depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application to seize the contents of two specialty investments connected to a fraudulent Paycheck Protection Program ("PPP") loan and money laundering scheme principally orchestrated by AMI KHANGURA ("KHANGURA"). The two alternative investments subject to this seizure request are as follows:

   a. A fixed-indexed annuity known as Pacific Life Insurance Company Index Foundation 5 Annuity Contract, Policy Number FX22469191, connected to Merrill Account No. 28G-23921 held by AMI KHANGURA; and

   b. An alternative investment fund account managed by Ares Strategic Income Fund, purchased on August 1, 2024, connected to Merrill Account No. 28G-22383 held by AMI KHANGURA.

2. I was the affiant in support of an Affidavit for warrants to seize Merrill (Formerly Merrill Lynch) account numbers 28G-22383 and 28G-23921, held by AMI KHANGURA, because the accounts held millions of dollars in money stolen from government-related disaster relief programs. *See* Case No. 2:25-SW-0131 SCR and 2:25-SW-0132 SCR. On February 14, 2025, agents representing IRS-CI and the Federal Bureau of Investigation ("FBI") executed the warrants, seizing some of the tainted and commingled proceeds from AMI KHANGURA's Merrill accounts. The government also filed a forfeiture complaint against several assets purchased by KHANGURA with ill-gotten proceeds, including two parcels of real estate located in the Eastern District of California. *See* Case No. 2:25-CV-00524 SCR. All of the facts stated in that Affidavit and Complaint remain true and support these seizure warrants.

3. Several days after the warrants were served, Merrill officials notified law enforcement that they lacked custodial powers over two specialty investments—*e.g.*, Ares and Pacific Life—within KHANGURA's Merrill accounts, and therefore could not perform as required under the seizure warrants

served on February 14, 2025. Merrill officials explained that Merrill acts as reporting platform for the Ares and Pacific Life investments, allowing their customers to view these investments in their Merrill account, but Merrill does not have custody or legal control of these assets directly. Rather, Pacific Life and Ares serve as the direct custodians and any seizure warrants must be served on them directly for execution and performance.

4. I am familiar with the rules pertaining to seizures under federal statutes and regulations. Pursuant to 18 U.S.C. § 981(b)(3), a seizure warrant may be issued pursuant to this subsection by a judicial officer in any district in which a forfeiture action against property may be filed and may be executed in any district in which the property is found. Title 18 of the U.S. Code, Section 981(b), provides that any property subject to forfeiture under 18 U.S.C. § 981(a) may be seized by the Attorney General pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure.

## PROBABLE CAUSE

5. As set forth in the Affidavit, KHANGURA obtained a series of fraudulent PPP loans totaling more than $3.3 million. The proceeds of these crimes were commingled in the balances of Merrill investment accounts 28G-22383 and 28G-23921, disbursed among the various investment vehicles contained within, including the alternative investments with Pacific Life and Ares, denoted in statements as separate line-item investments.

6. In May 2020 and June 2020, over $3.3 million in PPP loans were transferred to KHANGURA and the California LLCs under KHANGURA's control, and then commingled and consolidated to personal bank and investment accounts controlled by KHANGURA and KHANGURA's husband. Approximately $2.8 million in PPP loans remained in KHANGURA's and KHANGURA's husband's accounts until April 2021, when they purchased real property located at 4945 Citrus Colony Road in Loomis, California. On April 19, 2021, KHANGURA and KHANGURA's husband closed escrow on 4945 Citrus Colony Road, transferring $560,880.06 to Fidelity National Title for the purchase. The $560,880.06 is traceable to the commingled bank account held by KHANGURA and KHANGURA's husband to stockpile the improperly obtained PPP loans.

2

7.  In August 2021, KHANGURA's brother was in escrow to purchase a second property, a riverfront parcel of developable land at 628 Rio Street in Red Bluff, California.  On August 31, 2021, KHANGURA wired $99,000 from the commingled PPP bank account to Fidelity National Title for the purchase of 628 Rio Street in Red Bluff.  KHANGURA's brother—an individual known as "J.P."—was listed as the owner of 628 Rio Street.

8.  On January 18, 2022, $4 million in commingled PPP funds was transferred from RDVKIII x0274 to RDVKIII's Merrill brokerage account, "RDVKIII x2064."  In February and March 2022, the $4 million in commingled funds moved from RDVKIII x2064 to KHANGURA Merrill brokerage account, 28G-22383, and, in January 2024, $2.5 million of that $4 million moved to a second Merrill brokerage account held by KHANGURA, 28G-23921.  In late 2024, KHANGURA's two Merrill brokerage accounts, 28G-22383 and 28G-23921, held significant balances of commingled and stockpiled PPP funds, including alternative investments in Ares Strategic Income Fund and Pacific Life Insurance Company.

9.  Included in Merrill brokerage account 28G-22383, is an alternative investment, not held in the name of Merrill, labeled as Ares Strategic Income Fund ("ASIF") with an estimated market value of $299,672.02 as of September 30, 2024.   Included in Merrill brokerage account 28G-23921, is an asset not held by Merrill, labeled as Pacific Life Insurance Company ("PAC") Index Foundation 5 Annuity Contract, Policy Number FX22469191, with a cash surrender value of $302,064.00 as of September 30, 2024.  The alternative investments contain commingled PPP funds.

## CONCLUSION

10.  For the reasons set forth above, there is probable cause to believe that KHANGURA's alternative investments with Ares Strategic Income Fund and Pacific Life Insurance Company, connected to KHANGURA's Merrill accounts 28G-22383 and 28G-23921, contain fraud and money laundering proceeds

in violation of 18 U.S.C. §§ 1343, 1956(a), and 1957. Accordingly, I request that the Court issue seizure warrants pursuant to 18 U.S.C. § 981(b) based on forfeitability under 18 U.S.C. §§ 981(a)(1)(A) and (C).

/s/
_____
Clint Wares, Special Agent
Internal Revenue Service, Criminal Investigation

Reviewed and approved as to form

/s/ Kevin C. Khasigian
Kevin C. Khasigian
Assistant U.S. Attorney


Sworn before me and signed telephonically
on this 26th day of March 2025.

_____
Hon. Carolyn K. Delaney
United States Magistrate Judge

# United States District Court

**EASTERN** District of **CALIFORNIA**

In the Matter of the Seizure of
(*Briefly describe the property to be seized*)

A fixed-indexed annuity known as Pacific Life Insurance Company Index Foundation 5 Annuity Contract, Policy Number FX22469191, connected to Merrill Account No. 28G-23921 held by AMI KHANGURA.

**WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE**

CASE NUMBER:

2:25-sw-0270 CKD

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests that certain property located in the District of **NEBRASKA** be seized as being subject to forfeiture to the United States of America. The property is described as follows:

**A fixed-indexed annuity known as Pacific Life Insurance Company Index Foundation 5 Annuity Contract, Policy Number FX22469191, connected to Merrill Account No. 28G-23921 held by AMI KHANGURA.**

The property is subject to seizure pursuant to 18 U.S.C. § 981(b), and subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

**YOU ARE COMMANDED** to execute this warrant and seize the property within 14 days in the daytime 6:00 a.m. to 10:00 p.m. You must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to CAROLYN K. DELANEY or Any U.S. Magistrate Judge in the Eastern District of California.

March 26, 2025 at 2:16 pm
Date and Time Issued

*Judge's signature*

Sacramento, California
City and State

Carolyn K. Delaney, U.S. Magistrate Judge
*Printed name and title*

AO 109 (Rev. 11/13) Warrant to Seize Property Subject to Forfeiture (Page 2)

| RETURN | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of: | | |
| Inventory of the property taken: | | |

## CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

Subscribed, sworn to telephonically, and returned before me this date.

_____        _____
U.S. Judge or Magistrate                                                              Date